IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

        Plaintiff,                        No. CIV S-02-0638 FCD KJM P

   vs.

EDWARD ALAMEIDA, et al.,

        Defendants.               FINDINGS & RECOMMENDATIONS

                                /

        Plaintiff is a state prison inmate proceeding pro per with a civil rights action under 42 U.S.C. § 1983. He alleges that his Eighth and Fourteenth Amendment rights were violated by Folsom Prison's requirement that African-Americans share tables at mealtimes with white and Hispanic racists and gang members, which subjects plaintiff to the risk of being injured by other inmates during an altercation or by guards attempting to quell altercations. Plaintiff seeks compensatory and punitive damages and "any other damages according to proof" as well as injunctive relief.

        Defendants Campbell and Butler, present and former wardens of Folsom, have brought a motion to dismiss.

/////

/////

1

I. <u>Standards For A Motion To Dismiss</u>

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See <u>Hospital Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

Generally the court evaluates the complaint and its attachments, if any, in ruling on a motion to dismiss. However, a court may rely on matters properly subject to judicial notice. Fed. R. Evid. 201(b) ("a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001). A court may take judicial notice of its own records. <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) .

II. <u>Injunctive Relief</u>

Defendants ask the court to take judicial notice of the fact that plaintiff's address on his pleadings is no longer Folsom State Prison, but rather California Medical Facility; they argue plaintiff thus has no standing to obtain injunctive relief. Mem. P. & A. in Supp. Mot to Dismiss (MTD) at 4-5. Plaintiff relies on a number of attachments and argues it is likely he will be transferred back to Folsom and subjected to the same dangerous arrangement. Am. Opp'n to MTD (Opp'n) at 2, Exs. A-F.

/////

A federal court will not entertain an action that does not present an actual case or controversy and "'[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). Generally, when a prisoner is transferred from the prison whose policy he is challenging, any claim for injunctive relief becomes moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1986). The court takes judicial notice of its own records and finds that plaintiff's transfer moots his claim for injunctive relief.

Plaintiff argues that the situation is capable of repetition yet evading review, and there is a reasonable expectation he will be sent back to Folsom Prison and subjected to the same policies in the future. He does not prevail on either point.

As the Supreme Court has explained, a claim does not "evade review" if it may be litigated in a lawsuit, as plaintiff is attempting to do here. Lyons, 461 U.S. at 108. Those claims generally found to "evade review" are based on "activity that is of short duration." Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir. 1985). Moreover, the principle applies only in "exceptional situations," Lyons, 461 U.S. at 109, and cannot be based on plaintiff's "subjective fear . . . of again being transferred" to Folsom. Preiser v. Newkirk, 422 U.S. 395, 403 (1975); Wiggins, 760 F.2d at 1011-12. Accordingly, plaintiff's claim for injunctive relief is moot and must be dismissed.

II. The Requirement Of Actual Injury

Defendants argue that plaintiff cannot recover for mental and emotional injury because he has not alleged he suffered actual physical injury. 42 U.S.C. § 1997e(e). However, the provisions of the Prison Litigation Reform Act (PLRA) limiting recovery do not apply to allegations of constitutional violation that are not based on mental or emotional injury. Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003) (action may proceed on Eighth Amendment claim

1  even though no physical injury); Oliver v. Keller, 289 F.3d 623, 629-30 (9th Cir. 2002).  To the
2  extent plaintiff seeks nominal damages for the violation of his rights, apart from any emotional
3  injury, he may proceed with the action if his complaint states a claim.

4  III.  Failure To State A Claim

5        Plaintiff argues that the district court determined that his complaint stated a claim
6  when it remanded to permit him to show imminent danger and proceed without the prepayment
7  of fees.  See Order filed Feb. 5, 2003 (docket no. 12).  However, a court's determination under
8  28 U.S.C. § 1915(g) "is not a vehicle for determining the merits of a claim."  Ciarpaglini v. Saini,
9  352 F.3d 328, 331 (7th Cir. 2003).   This court thus proceeds to consider the merits of
10 defendants' motion.

11    A.  Eighth Amendment

12       In Farmer v. Brennan, 511 U.S. 825, 833 (1994), the Supreme Court confirmed
13 that "'prison officials have a duty . . . to protect prisoners from violence at the hands of other
14 prisoners'" under the Eighth Amendment.  A prison official is not liable, however, "unless the
15 official knows of and disregards an excessive risk to inmate health or safety; the official must
16 both be aware of facts from which the inference could be drawn that a substantial risk of serious
17 harm exists, and he must also draw the inference."  Id. at 837.  In other words, in order to be
18 deliberately indifferent, a prison official must be subjectively aware of the risk.  Id. at 839-40.
19 The ultimate test is whether the prison official acted reasonably in light of his knowledge; if he
20 did, he is not liable under the Eighth Amendment even if the prisoner is harmed.  Id. at 844.

21       In Babcock v. White, 102 F.3d 267 (7th Cir. 1996) the Seventh Circuit framed the
22 question before it as

23-25 > when officials knowingly and unreasonably house a prisoner with inmates who pose a substantial risk to his safety, what harm must actually befall the prisoner before a court may say he is entitled to monetary compensation for a violation of his Eighth Amendment rights.

26 Id. at 271.  The court concluded "it is the reasonably preventable assault itself, rather than any

1  fear of assault, that gives rise to a compensable claim under the Eighth Amendment." Id. at 272.
2  And in Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997), the court rejected Doe's claim of an
3  Eighth Amendment violation because he had neither been harmed nor subjected to extreme,
4  officially sanctioned psychological harm.  Plaintiff's claim of mere fear of assault in this
5  situation does not rise to the level of an Eighth Amendment violation.
6       B.  Fourteenth Amendment
7           Plaintiff also posits a Fourteenth Amendment claim arising from the same set of
8  facts.  To the extent he is basing this claim on the perceived danger from his association with
9  racist Hispanics and skinheads, his claim is subsumed in his Eighth Amendment claim.  Graham
10 v. Connor, 490 U.S. 386, 394-95 (1989).  To the extent he is claiming a substantive due process
11 right not to associate with other, objectionable inmates, his claim similarly fails.  While the due
12 process clause confers both procedural and substantive rights, the "reach of substantive due
13 process" has been restricted to interference with bodily integrity or personal decisions relating to
14 marriage, child bearing and rearing, and family relationships.  Armendariz v. Penman, 75 F.3d
15 1311, 1318-19 (9th Cir. 1996).  Plaintiff's claims do not fall within the bounds of substantive
16 due process as thus delineated.
17         IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be
18 granted.
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within five days after service of the objections.  The parties are advised
7   that failure to file objections within the specified time may waive the right to appeal the District
8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: March 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/mont0638.57